KAREN R. BAKER, Justice, dissenting. Because I believe that the majority errs in its disposition of this case, I must dissent. The majority states that we lack jurisdiction to address Libby’s assertion that the circuit court erred in finding that there was a material change in circumstances, stating that a notice of cross-appeal is necessary when an appellee seeks something more than he or she received in the lower court. However, here, it is John who seeks something more than he received in the lower court. Libby seeks only to have the circuit court’s order affirmed. Thus, the cases cited by the majority stating that we do not have jurisdiction are inapposite. Further, our standard of review in child-visitation cases is de novo on the record. Stehle v. Zimmerebner, 875 Ark. 446, 291 S.W.3d 573 (2009). In determining whether the circuit judge clearly erred in a finding, the appellate court may look to the whole record to reach that decision. Id. A complete review of the evidence and record may take place as part of the appellate review to determine whether the trial court clearly erred in either making a finding of fact or in failing to do so. Id. We may, therefore, review the record and the evidence presented to determine whether a material change in circumstances has occurred. |14To require Libby to bring a cross-appeal in order to give this court jurisdiction to review a finding of the circuit court in a case under a de novo standard of review stands in direct contention with that standard of review, particularly when the appellee, as in this case, simply wants this court to uphold the order as issued. I would, therefore, review the circuit court’s finding that there was a material change in circumstances. In doing so, I am left with the definite and firm conviction that a mistake has been made. The appellant asserted that there were numerous material changes in circumstances since the 2005 order: that the appellee had remarried, that R.M. was substantially older, and that, while appel-lee allowed appellant overnight visitation with R.M. after the decree had been entered, appellee stopped allowing overnight visitation as of 2010. While the court’s order does not specify the exact material changes in circumstances that the circuit court found, the transcript of the hearing makes it clear that the circuit court found the fact that Libby stopped allowing overnight visitation and the fact that appellant was treating his drug and alcohol addiction and bipolar disorder in an appropriate manner were the material changes in circumstances that the circuit court found compelling. Courts impose a more stringent standard for modifications in visitation. Brown v. Brown, 2012 Ark. 89, 387 S.W.3d 159. The reasons for requiring these more stringent standards are to promote stability and continuity in the life of the child, and to discourage the repeated litigation of the same issue. Id. Based on these more stringent standards, none of the changes alleged by John or upon which the circuit court based its ruling constitute a material change in circumstances. |1sThe circuit court focused on the fact that Libby had stopped allowing John overnight visitation. However, I do not agree that this constituted a material change in circumstances. Libby had the authority to deny John overnight visitation with R.M. from the time the agreed order was entered in 2005. The fact that she began to exercise that authority is not a material change in circumstances. Further, Libby should not be punished now for allowing John more visitation than was provided for in the agreed order. Similarly, I cannot say that the fact that appellant has gone through treatment for his drug and alcohol addiction and for his bipolar disorder constitutes a material change in circumstances. The 2005 order John seeks to modify does not mention his drug and alcohol addiction, or his bipolar disorder. The motion to modify the divorce decree filed by Libby that led to the 2005 order states that the reason for the modification is John’s cohabitation with a romantic partner. In fact, Libby testified that at the time of the 2005 order she was unaware of John’s drug use. A noncustodial parent cannot use circumstances that they created as an excuse to modify visitation. Brown v. Brown, supra. John argues that the fact that he is treating his addiction is a material change in circumstances, when he created the circumstance of his addiction, which was unknown to the circuit court and Libby at the time the previous agreed order was entered. For these reasons, the circuit court clearly erred in finding that there had been a material change in circumstances. Normally, this would be grounds for reversal, however, that is not the relief that Libby seeks. Libby does not ask us to modify the circuit court’s visitation order. Instead, it is John who asks us to modify the order and strike the 11finoncohabitation provision, by arguing that there was no finding of harm to the child or analysis of the child’s best interest. However, the best-interest analysis is not reached when there has been no material change in circumstances. Id., at 11, 387 S.W.3d at 165 (explaining that no finding on the best interest of the child is required when there has been no material change in circumstances warranting a modification of visitation). As there has been no material change in circumstances, we should not reach John’s arguments. Therefore, I would affirm the circuit court’s order. While my analysis would go no farther, I must note that the majority errs in holding that the circuit court imposed the noncoha-bitation provision without determining whether such a provision was in the best interest of the child. The circuit court stated, in speaking about the noncohabitation provision: “The best interest dictates that that be the continued policy of this court, in my opinion. So that will be the order of the court.” (Emphasis added.) It is clear to me that the circuit court did determine that the noncohabitation provision was in the best interest of the child. HART, J., joins in this dissent.